UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rajzheke Sajaadullah, | : |
| | : No. 3:15-cv-01900 |
| Plaintiff, | : Metropolitan Life Insurance |
| | : Company's Amended Counterclaim |
| v. | : And Third-Party Complaint |
| | : |
| Metropolitan Life Insurance | : |
| Co., | : (Judge Richard P. Conaboy) |
| | : |
| Defendant-Counterclaimant, | : |
| Third-Party Plaintiff | : |
| | : |
| v. | : |
| | : |
| Marguretta White, Sylvester | : |
| Kennedy, Patricia Cooper, | : |
| Ruby Thames, and Isaac Eady | : |
| | : |
| Third-Party | : |
| Defendants | : |

FILED
SCRANTON

DEC 0 4 2017

Per_____
DEPUTY CLERK

**MEMORANDUM**

This action stems from the death of United States Postal employee Roberta Mae Eady on March 4, 2015. At the time of her death, Ms. Eady was a covered person under a life insurance contract with the Federal Employees' Group Life Insurance Program ("FEGLI"). Eady's FEGLI Life Insurance benefits were administered by Metropolitan Life Insurance Company under an arrangement with the Office of Personnel Management ("OPM"). At the time of her death Ms. Eady's FEGLI benefit amounted to $56,500.00. Shortly thereafter Metropolitan Life Insurance Company was beset by

competing claims for these benefits and, consequently, filed a Motion for Interpleader (Doc. 64) which this Court granted by Order of October 5, 2017 (Doc. 67).

The Federal Employees' Group Life Insurance Act, 5 U.S.C §§ 8701 et seq. ("Act") specifies how life insurance proceeds are paid out to the beneficiaries of federal decedents. Highest priority is given to "beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office" or, if the employee had already retired, "in the Office of Personnel Management." Because Ms. Eady had retired at the time of her death, it was necessary that her designation of beneficiary be received at the OPM office in Boyers, Pennsylvania prior to her demise. While the record is clear that Ms. Eady had designated her daughter, Plaintiff Rajzheke Sajaadullah, as her beneficiary on a form executed February 26, 2015, the record is equally clear that the beneficiary designation was not mailed until March 2, 2015 and did not ultimately arrive at the OPM office in Boyers, Pennsylvania until March 9, 2015. Because Ms. Eady died before the requisite form reached the OPM office, the form lacks any legal significance and "has no force or effect." See 5 U.S.C § 8705 (a). For this reason, the beneficiary form executed by the decedent in favor of her daughter, Rajzheke Sajaadullah, is ineffective to confer the

2

totality of the FEGLI benefit on her. The record also establishes that four other children of the decedent, Marguretta White, Patricia Cooper, Ruby Thames, and Isaac Eady, made timely claims with Metropolitan Life Insurance Company for their mother's death benefit. See Doc. 27, exhibits 5-8.[1]

Thus, five children of the decedent have viable claims to her FEGLI death benefit under 5 U.S.C. § 8705 (a). An additional complicating factor exists due to assignments executed by Marguretta White, Patricia Cooper, Ruby Thames, and Isaac Eady in favor of Third Party Defendant Whigham Funeral Home Inc. See Doc. 39-9 at 4-9. These assignments by Marguretta White, Patricia Cooper, Isaac Eady, and Ruby Thames affirmed their relinquishment of $4,164.75 apiece from their anticipated FEGLI proceeds in favor of Whigham Funeral Home Inc. in return for services that were ultimately rendered in connection with the funeral and burial of their mother. Whigham Funeral Home, Inc. then assigned its right to payment from the FEGLI proceeds to an additional Third Party Defendant, The Funeral Funding Center, Inc., in the amount of $16,659.00. See Doc. 39-9 at 3.

In recognition of the undisputed record that has been

---

[1] The record also establishes that a sixth child, Sylvester, Eady, survived the decedent. However, because Sylvester Eady did not make a claim for FEGLI benefits within one year of the decedent's death, his potential claim for these benefits has lapsed. See 5 U.S.C. § 8705 (b).

3

established,[2] it is clear to the Court that Third Party Defendant The Funeral Funding Center, Inc. is entitled to be reimbursed for the funds it advanced to finance the decedent's funeral and burial. The Funeral Funding Center, Inc., by virtue of the aforementioned assignments executed by four of the decedent's children and the Whigham Funeral Home, is entitled to $16,659.00 in recognition of its advancement of those funds. The balance of the fund -- $39,841.00--will be divided among those five of Ms. Eady's children who have made timely claim for the funds. Marguretta White, Patricia Cooper, Ruby Thames, and Isaac Eady will each receive $4,164.75 less than Plaintiff Rajzheke Sajaadullah due to their voluntary financial commitments via their assignments in favor of Whigham Funeral Home. An Order consistent with this determination will be filed contemporaneously.

By the Court

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: 12-4-17

---

[2] The Court notes that its Order of October 5, 2017 allowed all parties to this lawsuit thirty days to brief their arguments regarding why each would be entitled to all or any portion of the funds at issue. Only Third Party Defendant The Funeral Funding Center, Inc. has filed a brief within the allotted time frame.

4